It pleads the court Andrew Schaefer on behalf of Julie Ashe plaintiff appellant The issue in this case is whether the doctrine of equitable polling allows Ms. Ashe to file a complaint for Social Security disability benefits Beyond the time period specified in the US Code after a final denial from the Commissioner of Social Security The Supreme Court in the Bowen v. New York case Explained that 405g was designed to be unusually protective of claimants And that Congress had shown the intent to allow tolling in some of these Social Security cases Counsel if I may the um I've read the the affidavits that you've put forward both from yourself and your assistant and your client I guess the question that's more on my mind is the amount of time that's passed approximately 18 months before The appeals council was contacted to check the status here. Why was the 18 month period reasonable here? Well, that's that's Bowen the um in Bowen Some of those cases have been had been uh decided years before The the plaintiffs joined the class So I think you're getting to the issue in um in the Pace case as to um As to the diligence requirement in order to provoke equitable tolling I guess i'm more looking at the regulation which talks about the presumption of receipt and reasonable which can be rebutted with a reasonable showing to the contrary and Even if the affidavits are Might be sufficient in in some case to rebut that showing was it reasonable here to not contact the appeals council for 18 months That was I'm, sorry Okay that was a that was a point raised by the uh district court judge which seems to add another requirement to the To the statute and the regulation here that imposes a burden on the applicant on the claimant to check with the uh check with the appeals council on a periodic basis to determine whether they fulfilled their duty of sending out the Out the uh the denial notice Because I don't know how I don't know um how much of your practice involves um Social security appeals, but is that an unusually long time for uh, the appeals council to render a decision? If you know it is not Originally when this case, you know, this case was remanded once before waited And the first time it went to the appeals council we waited 19 months for the determination So in this case 23 months does not seem like an Unusually long period of time to me before I contacted the appeals council and asked where is this document? Mr. Schaffer, let me I want to understand your argument because as I read your briefing you made two arguments One was that you had done enough to rebut the presumption of non-receipt By making a reasonable showing through your declarations And the other one was that you ought to be entitled to equitable tolling Those are really with respect to equitable tolling diligence may be required. So That that's but i'm not sure with respect to just showing not a receipt That there's any requirement of showing diligence and so focus with me for a second on the first part Uh, let's assume that your affidavits Declarations yours your clients and your secretaries Were sufficient to make a I think what the statute talks a reasonable showing of non-receipt What happens next? Um, let's assume I agree with you that you made a reasonable showing of non-receipt what happens next procedurally Then I um In terms of the standards No, well, I mean, what do you want us to do? Let's assume we find that you're correct. You made a reasonable showing of non-receipt Uh, what do we do? I want the case remanded To district court with instructions for the defendant to file an answer well, but the statute direct says That's enough to rebut the presumption But then the burden turns the case is saying that and the reg says the burden turns on the government to demonstrate receipt So isn't the most we could do say that you've done enough to rebut the presumption? And now the government gets to do Whatever it wants to do. I don't know how it does it. That's a separate issue To to demonstrate that you that you received it the the the reg doesn't say Uh Non-receipt it just says that's enough to present Rebut the presumption of non-receipt. So one of the things i'm trying to figure out in this case is What follows from the fact that you may have made a reasonable showing? Well, I believe if if they if they if they wrote a denial but didn't mail it to me That Surely if the court concludes that they didn't mail it to you It must it must order them. They're proceeding to proceed It might it can't dismiss you on the basis of the statute of limitations. That's easy The question is what does the district court have to do before it arrives at that conclusion? Assuming that your affidavits Declarations. I'm, sorry I'm old enough to remember when we didn't file declarations just affidavits assuming that your declarations Were sufficient to make a reasonable showing Does the district court have to find as a matter of fact that you didn't receive it? The district court have to find that the government now hasn't established that you received it What happens next the reg expressly talks about the burden shifting to the government? So i'm trying to figure out what happens next I'm not following. I think that Apparently to allow the filing of a complaint in district court Well, isn't the most that we can do in this particular appeal is to find that you have rebutted the presumption through the declaration And then remanded for the district court to give The government a chance if they wish to to prove that you didn't receive the ruling Well, they're if you're following the regs the stuff set out by the regs, isn't that what we're supposed to do? In uh in the district court action they filed a uh A declaration by an employee of social security Who claims that she reviewed the file and and that an employee sent out The the uh denial at a prior date. So I believe that's already been addressed by the government Well, but the district court would have to make that factual finding as to What to do next right? You've rebutted the presumption the government then gets to Either submit additional declaration rest on the evidence that they previously Submitted and then the court would then have to render a ruling As to the receipt or non-receipt of the ruling is that does that make sense? Yes Okay, but I just want to make sure I understand your position this is along the lines of Judge Hurwitz's Question about the role of diligence here in this case The appeals council was contacted about 18 months after the check-in What if what they've been contacted 10 years later? And you found out there was no decision at that point and then you submitted the affidavit saying that The notice was never received would your position still be that you've rebutted the presumption I think so, um under under cabela there were there were circumstances outside of outside of the claimants control that uh That prevented her receipt of this document. So I think it would be an unjust result If the if the claim was not allowed to go forward Because she didn't find out about it prior to discovery of the of the of the problem Do you want to save the remaining time for rebuttal? Thank you. Yes Mr. Talbert Thank you, your honor may it please the court Daniel Talbert for the commissioner of social security Andrew Saul The commissioner's regulations establish a presumption That a claimant receives an appeals council notice five days after the date printed on the notice unless the claimant makes a reasonable showing to the contrary Mr. Talbert just to jump in on some of the questions Do you think there's a diligence requirement here? In other words, could somebody wait 10 years and then come forward with? Affidavits and say they didn't receive the notice On the on the regulations take take equitable tolling and park that to the side Right, so if we take if we take equitable tolling out of it We're just looking at the regulations themselves and we're saying, you know, if if the affidavits are are sufficient um I mean, I think I think that I think that diligence enters into it in terms of establishing in terms of establishing the question of of whether Um, I guess I guess of I guess it comes to the issue of notice In a situation like that the the hypothetical that your honor presented that said if it was 10 years I think we can probably all agree that it would be facially unreasonable to expect the appeals council to take 10 years To decide a case. Is that is that is that because the appeals council? Resolves cases much quicker than that. Is that is that the reason why you say that? Well for the 10-year hypothetical question, yes, your honor Um, I think I want to make clear that we're not basing we're not basing our argument primarily in terms of Showing on a lack of diligence. That's not really what we're focused on. What part of the government's position is focused on here We're focused on the fact that the affidavits Can't be enough by themselves and that well Let me ask you about that position If you're not arguing that lack of diligence is part of your argument on the on the reg What more Could Miss ash have done It's not just her affidavit your your letter appears On the face says it's addressed to both of them to the council and to miss ash council says Look, I have a law firm. I got a regular procedure for when notices come in. Here's what it is uh I never got it and my legal secretary is the person who is responsible when stuff comes in to Put it in the docket and she says she never got it and miss ash says Essentially, I looked in the mail every day and I never got it. How how is one to approve non-receipt? I understand it. We're just miss ash saying I don't remember ever getting it. That might not be enough. But if you want to Show non-receipt How can you do better than that? So, I mean there there are other other situations other ways that a claimant could demonstrate non-receipt They could show a discrepancy there could be a discrepancy between maybe their address and the address that's on the notice They can show evidence of certain mailing irregularities or issues like that But we all know we all know from our personal experience that occasionally the postal service is terrific But occasionally a letter is properly addressed and doesn't arrive at the place where it was sent and Uh, so if if you're in one of those circumstances uh, how do you prove non-receipt other than by Affidavits from all the people who would have received the letter saying I didn't receive it So so in if we're talking about a case like that there's like this points I want to make Yeah, sure your honor there's two points I want to make for that the first point is we're focused and I think appropriately so on what else could the claimant have done because there there's Understandable concern about does the claimant just get shut out of court in this in this in these circumstances There's no other evidence she could introduce And the answer is no, she doesn't automatically get shot out of court. The social security act provides Um the opportunity to request an extension of time Because it says such further time as the commissioner may allow And the claimant could actually ask the social security administration to extend the time there's regulations about showing good cause, etc This claimant didn't ask for that and that would be so you claim are you claiming that the reg requires? before You seek to demonstrate non-receipt That you show that you've exhausted other administrative procedures for getting an extension I I don't think that's quite the position. I don't think it is either because the reg doesn't say that Sure, the position i'm taking is that There are going to be situations where a claimant cannot make a reasonable showing to the contrary They can't make a reasonable showing of late receipt of non-receipt of whatever it might be But whether there's other evidence they could offer or not The rationale of mccall versus bowen that we cite in our brief still applies and it still says that well That makes the presumption in effect irrebuttable In the normal circumstance, doesn't it? No, I don't think it's Because the normal circumstance the one i'm talking about is the one where you go to your mailbox every day and you don't get it Uh, and what you're saying is under that circumstance Nothing you say Is reasonable enough to rebut the presumption So so your honor I I think what i'll say is that Just a claim and statement in that case isn't going to be enough. No, but we we don't just have that's why I said we have more here we have a professional lawyer who Who says I have a system? Or this was supposed to have been sent to me and we have a system for Figuring out when official notices are sent to us so we can keep track of them You know and it outlines the system and and and we've checked with everybody in the system And they never got it and I never got it either. So it's less likely that we just are you know I mean so given that What more what more under the circumstances of this case could they have presented I suppose is a better way to put it What so so the question is what what other evidence? Could specifically ms. Ash have offered in these exact circumstances Yes yeah, so I I think I think that's where it's kind of a tough case and where it's a concern for her in terms of There might not have been other evidence that she could have offered but our the position that we're taking over the rule we're advocating for Is one where the court? Where the court isn't going to differentiate between sort of those situations where the claimant might be able to have You know a later postmark or something like that and a claimant a claim where a case where a claimant doesn't have that to offer Because sometimes you could show late receipt with something tangible Sometimes you won't be able to sometimes you could show non-receipt with something tangible like an address discrepancy, but sometimes you can't So mr. Talbert judge winnett asked opposing counsel the question. How long do appeals council decisions usually take? Do you know? I don't I don't know Like what the average would be I could say that that for for the appeals council to take You know, I the mr Schaefer noted 19 months or something like that in a in in the the earlier case and I think that That that is it is the case that I have seen them take that long They sometimes do take they sometimes decided in a couple of months. They sometimes decided it could be close to two years I think what's one thing that's relevant here and that's interesting here to the point of diligence because I think that's one of the things We go back to when we're talking about how long the appeals council takes is that ms. Ash Has stated that she contacted her attorney. I think it was every three months and There hasn't been any showing from the the attorney in terms of why? When he was contacted multiple times, I guess six or seven times before he finally called the appeals council Why he didn't decide to check in to see well, maybe what's what's going on there? What's you know the situation there? um, so I think that's that's yeah, but if that's why I asked the question if it's not unusual for the appeals council to take 18 months 24 months to render ruling nothing in the Regulation really suggests that council has the burden to repeatedly check in I suppose if 10 years go by and you don't get a ruling that might alert a diligent lawyer to a problem But 18 months doesn't seem unusual from the arguments today I think the problem that I have with the government's position is that the regulation says a reasonable showing to the contrary Is enough to rebut the presumption? and so I take it from your argument that if The notice had the wrong address then you could present a reasonable showing to rebut the presumption of Receipt, but if your mail got missed Delivered to the suite next door and your neighbor isn't kind enough to bring the mail to you then well even multiple declarations under penalty of perjury would not Be sufficient to overcome the presumption. Is that am I stating your position correctly? I think I think that's correct your honor and that's why there is the discretion given to the agency to grant extensions if a claimant wants to request Claimant didn't do that here What you did instead was to file a complaint without even acknowledging the apparent lateness of it And apparently in the hopes of just having it go through Um, but you should have followed procedure of requesting an extension Oh, I want to make a point Mr. Talbot before you before you leave that I I had a factual question about the record Uh, what was the record? What was the evidence that it was actually sent? So that's that comes in the declaration from the appeals council yes and vote Yes, what as I recall what the declaration was I looked in the file and found the letter And it would have been the normal process to send it is that a fair summary of what it said Um No, your honor. I'm looking on page excerpts of record page 13. This is paragraph 4a Yes of the appeals council action On the plaintiff's exceptions and of the right to commence a civil action within 60 days from the date of receipt was sent to the plaintiff and representative so yeah, but But that's what i'm trying to figure out how the person did the person who made that declaration Say that they had personal knowledge that it was sent or did they just Look at the file, which we've i've looked at doesn't have file doesn't have anything in it that says I served this on somebody on such and such a date and conclude that it was sent. That's what i'm trying to figure out Right, so so she states that the information in the file shows that it was sent it says information We've seen the file I think at least the file is part of the record And I don't know that it shows anything other than that. The letter is in there That's what i'm trying to figure out If there's any direct evidence that it was sent So so the I mean the the information that's in the excerpts of record That's certainly not the entire electronic file of a claimant. There's there's definitely more that's available So is there is there a part of the file that shows the record that it was sent? Well, and I think I think that goes back I I don't I don't know as I stand here today, or I guess technically sit here today with these limitations we have. Um, but but uh, whether there's something in the file that that identifies that echoes That I think you're on judge nguyen made earlier that if the court concludes That the claimant has made there has made a reasonable showing with the affidavits Which of course our position is that's not enough by itself But if they had then the proper remedy would be to send it back to the district court for further proceedings to to To to allow that development to see okay. Okay. That's that's really all I was asking that question I just was trying to figure out whether there was some other evidence That the district court might have seen that That I can't find in this record that it was sent and I take it your answer is it's There may be more but it wasn't in front of the district court That's that's that's correct your honor I see that i'm past my time I wonder if I can indulge the court with a very brief wrap up if you can wrap up, please Thank you very much your honor. I just wanted to wrap up by stating that as as noted in the um in the briefing And I think somewhat oral argument today the courts that have considered the issue of whether affidavits standing alone are sufficient to make a reasonable Showing to the contrary have been fairly close to unanimous if not unanimous and concluding that they didn't So our position is that this court shouldn't strike new ground or create a new court made rule to justify That as a reasonable showing it should agree with what the various other courts have said that have considered this issue And should affirm the district court's dismissal. Thank you very much Thank you Mr. Schaffer, you've got a little time Okay I just wanted to address the fact that this uh This document did not get to me or to my client and it's My position it must have been an error on the part of social security And not not the responsibility of the mail because the the document didn't get to two addresses If it if it got into one of us, I could see it being a mail problem But here it appears social security simply didn't didn't uh, send the document out  If you follow the defendant's logic Then they that's a that's a freebie they can they can fail to mail mail out the document and if my sworn statement and my secretary's sworn statement And the sworn statement of miss ash don't overcome this presumption that arises when The employee of social security says they looked at the file and someone sent it out and that's that's inequitable Thank you All right, thank you very much both counsel for your arguments today the matter is submitted Thank you calling the next case. You're welcome foothill church versus uh, we large
judges: Nguyen, Hurwitz, Bress